IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBIN BLACKMON

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON N/K/A LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

Civil Action No.

**COMPLAINT TO RECOVER ERISA WELFARE-PLAN BENEFITS**

This is an ERISA claim to recover long-term-disability-benefits against a welfare-benefit plan administered by and insured by Liberty Life Assurance Company of Boston n/k/a Lincoln Life Assurance Company of Boston and to recover attorney's fees and costs allowed under the ERISA statute. This suit is an example of abuses where "the insurance industry found it could largely immunize itself from suit due to the Employee Retirement Income Security Act ("ERISA")." *United States v. Aegerion Pharmaceuticals, Inc.*, 280 F. Supp. 3d 217, 226 (D. Mass. 2017).

**PARTIES**

1. Ms. Blackmon, Robin Blackmon, ("Ms. Blackmon"), is a resident of Mecklenburg County, North Carolina.

2. Defendant Liberty Life Assurance Company of Boston n/k/a Lincoln Life Assurance Company of Boston ("Lincoln Life") is authorized to engage in the business of insurance under the laws of the Commonwealth of Massachusetts as a licensed foreign insurer and is doing business in the Commonwealth of Massachusetts. Lincoln Life Assurance Company

is the successor to Liberty Life Assurance Company of Boston which had insured and administered the Wells Fargo & Company Long-Term Disability Plan ("LTD Plan"). The LTD Plan is an ERISA governed welfare-benefit plan.

## JURISDICTION AND VENUE

3. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Ms. Blackmon's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

4. The ERISA statute, at 29 U.S.C. § 1133, as well as the Secretary of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

5. Venue is proper within the District of Massachusetts under 29 U.S.C. § 1132(e)(2) because Lincoln Liberty is located here, and the insurance policy funding the LTD Plan states the insurance policy was "signed at Liberty's Home office, 175 Berkeley Street, Boston, Massachusetts, 02117."

## FACTS COMMON TO ALL COUNTS

6. Wells Fargo & Company ("Wells Fargo") employed Ms. Blackmon.

7. As part of her compensation for providing services to Wells Fargo, Ms. Blackmon participated in the LTD Plan.

8. Benefits under the LTD Plan are insured by Lincoln Life under Group Long Term Disability Policy No. GF3-850-289424-01.

9. Ms. Blackmon is a participant or beneficiary in the LTD Plan as defined by ERISA, 29 U.S.C. § 1002(7).

10. On December 31, 2015 Ms. Blackmon ceased work because of a disability related to medical conditions—including migraines, carpal tunnel, cubital tunnel, and fibromyalgia—while covered under the LTD Plan.

11. Ms. Blackmon has been and continues to be disabled as defined by the provisions of the LTD Plan and insurance policy.

12. Ms. Blackmon applied for LTD benefits under the LTD Plan.

13. Lincoln Life approved Ms. Blackmon's application for LTD benefits, and she received benefits from July 1, 2016 until June 30, 2018.

14. On July 19, 2018, Lincoln Life rendered an adverse-benefit determination closing Ms. Blackmon's LTD claim effective July 1, 2018.

15. On July 8, 2019, Ms. Blackmon made a written requested to Lincoln Life for a complete copy of her claim file as permitted under the ERISA statute and the Secretary of Labor ERISA claims regulations.

16. On July 8, 2019, Ms. Blackmon made a written request for "a copy of any claims manuals, procedures, policies or any other internal guidelines regardless of whether they were used in this case," as required to be disclosed by Lincoln Life under the Secretary of Labor ERISA claims regulations.

17. Lincoln Life never delivered to Ms. Blackmon a copy of "any claims manuals, procedures, policies or any other internal guidelines."

18. On August 24, 2018 Ms. Blackmon appealed Lincoln Life's adverse-benefit determination.

19. Sylvia Bartee-Allen, MD, a treating physician determined that Ms. Blackmon "has been disabled secondary to depression, migraine, headaches, anxiety, and PTSD."

20. On November 29, 2018, Lincoln Life rendered an adverse-benefit determination refusing to reinstate benefits.

21. Lincoln Life relied solely on file-reviewing physicians to deny Ms. Blackmon's claim rather than conducting an in-person medical examination.

22. One of Lincoln Life's Case Managers testified in March 2018 that Lincoln Life always relies on the opinion of the file-reviewing physician over the opinion of the claimant's treating physicians. (Exhibit A – Excerpts from the Deposition of Amanda Pipenbacher, *Addington v. Lincoln Life Assurance Co. of Boston, et al*., No. 2:17-cv-00444 (W.D. Pa.), 3/29/2018).

23. Lincoln Life acted consistently with its usual practice in relying automatically and solely on its own hired doctor instead of properly evaluating the evidence.

24. Lincoln Life's automatic reliance on its own hired physician is both evidence of arbitrary and capricious decision-making and evidence showing bias toward denying the claim.

25. Ms. Blackmon has exhausted her administrative remedies under the Plan.

26. Lincoln Life owed Ms. Blackmon duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

27. Lincoln Life was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

28. Lincoln Life allowed its concern over its own funds to influence its decision-making.

29. Lincoln Life breached its fiduciary duties to Ms. Blackmon, including the duty of loyalty.

30. Lincoln Life failed to include evidence in the pre-suit claim file that it insulates its employees form the pernicious effects of financial conflict.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)**

31. Ms. Blackmon realleges the preceding paragraphs and incorporates the same by reference as if fully set forth herein again.

32. The decision to deny benefits by Lincoln Life was wrongful and not in compliance with laws and the terms of the LTD Plan.

33. Lincoln Life materially violated the Secretary of Labor's claim regulations, for reasons including failing to provide copies of "any claims manuals, procedures, policies or any other internal guidelines." 29 C.F.R. §§ 2560.503-1(h)(2)(iii) and (m)(8)(iv).

34. Internal guidelines are relevant to a consideration of whether the claims procedure was applied consistently by Lincoln Life compared with Liberty's adjudication of Ms. Blackmon's claim. *Glista v. Unum Life Ins. Co. of Am.*, 378 F.3d 113, 124 (1st Cir. 2004

35. Lincoln Life's decision must be reviewed *de novo* by this Court.

36. Lincoln Life bears the burden to prove that the default *de novo* standard of review does not apply.

37. Because of Lincoln Life's refusal and failure to pay to Ms. Blackmon disability benefits provided to her and to those participants who are totally disabled, Ms. Blackmon is

entitled to relief against Lincoln Life to recover benefits due to her under the terms of the LTD Plan, to enforce her rights to benefits under the LTD Plan, and to clarify her rights to future benefits under the LTD Plan under 29 U.S.C. § 1132 (a)(1)(B).

## SECOND CAUSE OF ACTION

## AWARD OF ATTORNEY'S FEES AND COSTS

38. Ms. Blackmon realleges the preceding paragraphs and incorporates the same by reference as if fully set forth herein again.

39. Lincoln Life unlawfully denied benefits and has caused Ms. Blackmon to incur attorney's fees and cost and will cause her to incur additional fees and costs. Ms. Blackmon may recover under 29 U.S.C. § 1132 (g), costs, including reasonable attorneys' fees and interest at no less than the Massachusetts statutory rate of 12% simple interest per annum on all back due benefits.

## REQUEST FOR RELIEF

**WHEREFORE, Plaintiff** Robin Blackmon demands relief and judgment against the defendant:

A. For a sum of money to be determined by this Court, plus pre-judgment interest (at no less than the Massachusetts statutory rate), post-judgment interest, costs, and reasonable attorney's fees allowed by statute or otherwise.

B. Injunctive relief declaring the rights and duties of the plaintiff and defendant regarding past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

C. For an order precluding defendant from using offsets in the LTD Plan because of its unclean hands.

D. In the alternative, remanding the benefit denial to defendant to be decided again with an order requiring "full and fair review" under ERISA, 29 U.S.C. §1133(2).

E. For such other legal or equitable relief as this Court deems just and proper.

Respectfully submitted

**ROBIN BLACKMON**

BY: /s/ Jonathan Feigenbaum____
Jonathan Feigenbaum (BBO #546686)
Jonathan M. Feigenbaum, Esquire
184 High Street, Suite 503
Boston, MA 02110
jonathan@erisaattorneys.com
T: (617) 357-9700
F: (617) 227-2843

R. Chandler Wilson (TN #034491)
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
T: (423) 634-2506
cwilson@buchanandisability.com
*Pro Hac Vice Motion to Follow*